### THE FEARLESS.

(Circuit Court of Appeals, Third Circuit. September 7, 1926.)

No. 3369.

Maritime liens ⚖=65.

Evidence *held* to show coal was not furnished to a vessel, so as to give maritime lien, but was sold to her owner on its general credit.

Appeal from the District Court of the United States for the District of New Jersey; Wm. N. Runyon, Judge.

Libel by the Franklin Fuel Company against the steamer Fearless; Leon G. Buckwalter, receiver of the Gloucester Ferry Company, claimant. Libel dismissed, and libelant appeals. Affirmed.

Affirming decree, 14 F.(2d) 1004.

MacCoy, Evans, Hutchinson & Lewis and Logan M. MacCoy, all of Philadelphia, Pa., for appellant.

George Purnell, of Camden, N. J., and Springer H. Moore and Robert W. Archbald, Jr., both of Philadelphia, Pa., for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This is an appeal from a decree of the District Court dismissing the libel filed against the steamer Fearless and Leon G. Buckwalter, receiver of the Gloucester Ferry Company, on the ground that coal sold to the ferry company by the libelant was not furnished to the vessel, but was sold on the credit of the company, without reference to the particular vessel, Fearless.

The company had another boat, the Dauntless, which had been running in conjunction with the Fearless between Gloucester, N. J. and Philadelphia, Pa., but she had broken her shaft and was temporarily laid up for repairs. She was advertised to resume her trips shortly after the coal was ordered, but was destroyed by fire before she actually started and some time thereafter the ferry company became insolvent, and Mr. Buckwalter was appointed receiver for it.

The company had been purchasing coal from the Franklin Company for some time, and the evidence indicates that the coal had always been sold on the credit of the ferry company, and was not furnished to any particular boat which was operated by the company. The coal in question was not delivered on board the Fearless, but was placed in the company's bins at the wharf of the ferry company, where the libelant had usually delivered coal previously. The name of the Fearless was not mentioned at the time the coal was purchased. The coal was charged to the ferry company, and not to the Fearless, just as had always been done in the past. There was nothing to distinguish the sale of the coal here involved from any and all of the many sales made by the libelant to the ferry company. The evidence indicates that the sale of this coal, like all previous sales, was made to the ferry company, in reliance upon its general credit.

We do not find that the learned District Judge committed error, and the decree is therefore, on his opinion, affirmed.